[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13945
Non-Argument Calendar

_____

D. C. Docket Nos. 04-00571-CV-MEF & 02-03083-WRS

IN RE:  ALABAMA PROTEIN RECYLCING, L.L.C.,

                                                            Debtor.

_____

WILLIAM B. BLOUNT,
B.P. HOLDINGS, LLC,

                                                            Plaintiffs-Appellants,

versus

TOM MCGREGOR, Trustee,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(December 13, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal arises from an adversary proceeding brought by the Chapter 7 Trustee ("Trustee") against Appellants, William B. Blount and BP Holdings LLC, for fraudulent transfer under 11 U.S.C. § 548, fraudulent transfer under § 8-9A-1 of the Alabama Code (1975), unjust enrichment, and conversion. The bankruptcy court entered judgment in favor of the Trustee and the district court affirmed. In this appeal, Appellants challenge the district court's denial of their Emergency Motion for Enlargement of Time, which was filed after the district court denied their motion for rehearing as untimely.[1] Appellants concede that their motion for rehearing was untimely, but argue that they established excusable neglect, sufficient to excuse the untimely filing. We review the district court's "excusable neglect" determination for abuse of discretion. Cf. Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997 (11th Cir. 1997) (reviewing district court's "excusable neglect" determination for

[1]Because we discern no abuse of discretion in the district court's denial of the Emergency Motion, we lack jurisdiction to review the underlying order affirming the bankruptcy court's judgment in favor for the Trustee. This is so because although Rule 8015 provides for a tolling of the 10-day period in which to appeal to this Court, such tolling is contingent on a timely motion for rehearing under Rule 8015. See Fed. R. Bankr. P. 8015 ("If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment."). Accordingly, we do not reach Appellant's other issues concerning the underlying bankruptcy proceeding.

abuse of discretion, in the context of motion for extension of time in which to appeal). After careful review, we affirm.

The Trustee's claims were based on the sale of five trucks, the proceeds of which the Trustee alleged were improperly diverted to BP Holdings. The bankruptcy court entered judgment in favor of the Trustee and on appeal, the district court affirmed. The district court entered its order on January 24, 2006. On February 7, 2006, Appellants filed a Motion for Rehearing, or in the Alternative, to Alter, Amend or Vacate Judgment. On June 20, 2006, the district court denied the Motion as untimely because it was filed outside of the 10-day period enumerated in Rule 8015 of the Federal Rules of Bankruptcy Procedure. The district court also found the Motion was without merit.

Thereafter, on June 29, 2006, Appellants filed an "Emergency Motion for Enlargement of Time," which, in essence, sought leave to file an untimely motion for rehearing, under Rule 8015. Appellants argued that counsel's misreading of the applicable procedural rules established excusable neglect for the untimely filing. The effect of granting the Emergency Motion would be to render timely Appellants' previously filed (and previously denied) motion for rehearing, which we observe the district court had denied based on both untimeliness and the underlying merits. The district court's denial of the Emergency Motion forms the basis of this appeal. On

3

appeal, Appellants argue the district court abused its discretion by denying an enlargement of time in which to file a motion for rehearing, under Rule 8015.

The motion for rehearing in the district court was filed pursuant to Bankruptcy Rule 8015, which provides:

> MOTION FOR REHEARING. Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

Fed. R. Bank. P. 8015. On January 24, 2006, the district court entered its order affirming the bankruptcy court's judgment in favor of the Trustee. Under the plain language of Rule 8015, Appellants' time for filing a motion for rehearing expired on February 3, 2006 so that their motion, filed on February 7th, was untimely.

On this record, we can find no abuse of the district court's discretion in its denial of the subsequently filed Emergency Motion, in which Appellants asked for leave to file an untimely Rule 8015 motion (or for the district court to deem timely the already-denied motion for rehearing filed on February 7th). We are unpersuaded by Appellants' invitation to find an abuse of discretion in the district court's failure to find "excusable neglect," under Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, based on counsel's misreading of the Bankruptcy Rules and the Federal

4

Rules of Civil Procedure, sufficient to excuse the untimeliness of the motion for rehearing.

**AFFIRMED.**